UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN WILLIAMS, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:21-cv-00604-JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on two motions filed by self-represented litigant Kelvin Williams. The first, titled "Motion in Relation Back to Original 2255 Petition," has been construed as a motion to supplement his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Docket No. 7). Having reviewed the motion, the Court finds that it should be granted.

The second is a "Motion for Partial Disqualification of U.S. District Court Judge John A. Ross," which the Court has construed as a motion for recusal. (Docket No. 8). The recusal of a judge is required if the judge bears a bias or prejudice that might call into question his or her impartiality. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). *See also* 28 U.S.C. § 455. In other words, the disqualification of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). However, a judge is presumed to be impartial, meaning that the party that seeks recusal bears a substantial burden of proving otherwise. *Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007). Moreover, "an unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal." *Moran v. Clarke*, 296 F.3d 638,

649 (8th Cir. 2002). *See also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal").

Here, movant has not carried the "substantial burden" of demonstrating that recusal is warranted. To support his motion, he argues that this Court presided over his bench trial, heard all the evidence, and found him guilty. Based on that, movant asserts that "disqualification is required." As noted above, however, unfavorable judicial rulings do not raise any inference of bias or require a judge's recusal. Additionally, movant has not provided any factual allegations that bias or prejudice played any part in the earlier bench trial. Therefore, movant's motion for recusal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to supplement his 28 U.S.C. § 2255 motion (Docket No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that movant's motion for recusal (Docket No. 8) is **DENIED**.

Dated this 19th of August, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE