**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KELVIN WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:21-CV-00604 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

**MEMORANDUM AND ORDER**

Following a bench trial on March 10, 2017, Petitioner was convicted of seven counts of a seven-count Indictment charging: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Count 1); Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) (Count 2); Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count 3); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count 4); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D) (Count 5); Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(1) and 21 U.S.C. § 856(b) (Count 6); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7). He was sentenced on February 15, 2018 to a term of imprisonment of 192 months, consisting of concurrent terms of 120 months on Count 1; 132 months on Counts 2, 3, 4 and 6, and 60 months on Count 5; and a term of 60 months on Count 7 to be served consecutively, followed by four years of supervised release. His conviction and sentence was affirmed on appeal. United States v. Williams, No. 18-1445 (8th Cir. Feb. 27,

2020). Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 alleging claims of ineffective assistance of counsel against his former attorneys. (Doc. No. 1).

Petitioner has now moved to expand the scope of § 2255 proceedings (Doc. No. 28) and for discovery (Doc. No. 29). The Government responded (Doc. No. 32) and Petitioner replied (Doc. No. 36). The motions are, therefore, fully briefed and ready for disposition. For the following reasons, the motions will be denied.

**Motion to expand scope of proceedings**

In his motion to expand the record, Petitioner complains that the Government's response to his § 2255 motion includes no affidavits from his former attorneys.[1] He asks the Court to order his former attorneys to submit affidavits addressing his allegations of ineffective assistance of counsel against them. The Government opposes the motion, arguing that aside from the fact that it has no duty to submit affidavits on behalf of Petitioner's multiple attorneys, Petitioner fails to articulate how those affidavits would support his claims.

Under Rule 7 of the Rules governing § 2255 proceedings, the Court "may direct the parties to expand the record by submitting additional materials relating to the motion," including affidavits from witnesses. 28 U.S.C. § 2255, Rule 7(a), (b). The purpose of expanding the record under Rule 7 is to enable the Court to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing. See note to 28

---

[1] The Office of the Federal Public Defender was initially appointed to represent Defendant (No. 4:15-cr-00365, Doc. No. 7). Defendant then retained private counsel, Michael Hufty, who entered an appearance on August 3, 2015 (id., Doc. No. 18); the two Federal Public Defenders who had entered appearances on Defendant's behalf were thereafter granted leave to withdraw (id., Doc. Nos. 11-12, 20, 22). On December 31, 2015, Defendant retained new counsel, Raphael Morris II (Doc. No. 48) and Mr. Hufty was granted leave to withdraw (id., Doc. Nos. 51-52). On June 2, 2016, Defendant retained Nick Zotos, who entered an appearance as co-counsel with Mr. Morris. (Id. at Doc. No. 79). On October 24, 2016, Defendant retained Paul Sims (id., Doc. No. 95) and Mr. Zotos and Mr. Morris were granted leave to withdraw (id., Doc Nos. 100-101, 103-104).

U.S.C. § 2254, Rule 7. The decision whether to expand the record falls within the discretion of the Court.

Upon consideration, the Court finds no basis for ordering an expansion of the record in this case. Nothing precluded Petitioner from obtaining affidavits from his prior counsel before now. The Court also notes that all five of Petitioner's attorneys were retained by him. To the extent there were any issues with the representation provided, those issues were created entirely by Petitioner. More importantly, Petitioner has not demonstrated how affidavits from his prior attorneys would further any of his claims of ineffective assistance of counsel.

**Motion for discovery**

In his motion for discovery, Petitioner asks the Court to order the Government to produce the visitation log-in sheets from St. Genevieve County Jail; a copy of the 911 call from his neighbor regarding the burglary incident that occurred at his residence on June 16, 2015; and a formal letter from the St. Louis County prosecuting attorney's office explaining why he wasn't charged in state court. The Government opposes the motion on the grounds that Petitioner has not demonstrated good cause sufficient to warrant the requested discovery.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, under Rule 6 of the Rules governing § 2255 proceedings, a court may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. 28 U.S.C. § 2255, Rule 6(a). Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is … entitled

3

to relief …" Bracy v. Gramley, 520 U.S. at 899, 908-09 (1997). The burden of demonstrating the materiality of the information requested is on Petitioner. See, e.g., Smith v. United States, 618 F.2d 507, 509 (8th Cir. 1980).

Petitioner requests the visitation log-in sheets from St. Genevieve County Jail as it relates to Claim 6 of his habeas petition. Petitioner has known of this issue for some time and could have addressed it earlier. In any event, the log-in sheets would not provide definitive information on the quality of legal representation provided to Petitioner. As for Petitioner's request for the 911 call and a formal letter from the St. Louis County prosecuting attorney's office, Petitioner is attempting to relitigate issues previously presented at trial and in motions to suppress which are not relevant to issues raised in § 2255 proceedings. For these reasons, Petitioner's motion for discovery will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to expand the scope of § 2255 proceedings [28] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for discovery [29] is **DENIED.**

Dated this 27th day of October, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4