**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

KELVIN WILLIAMS,                          )
                                          )
            Petitioner,                   )
                                          )
     v.                                   )        Case No. 4:21CV604 JAR
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Respondent.                   )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Movant Kelvin Williams's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The United States of America has responded to the Motion in opposition pursuant to the Court's Show Cause Order. ECF No. 21. Movant filed a reply. ECF No. 36. The instant motion is therefore fully briefed and ready for disposition. For the reasons set forth below, Movant's Motion will be denied.

**Factual Background**

The factual background is set forth in the record and the United States of America's Response.

**Procedural Background**

Movant was charged on July 30, 2015, by a federal grand jury in a seven-count Indictment charging: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Count 1); Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) (Count 2); Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count 3); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and

21 U.S.C. § 841(b)(1)(C) (Count 4); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D) (Count 5); Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(1) and 21 U.S.C. § 856(b) (Count 6); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7). *See United States v. Williams*, Case No. 4:15CR365-JAR, ECF Nos. 14, 15.[1]

<u>Pretrial Motions</u>

The pretrial motions stage of this case was extensive and will be discussed as needed throughout this Order. For a brief summary, Movant moved to suppress physical evidence seized from his residence on June 16, 2015, and his safe deposit box on June 19, 2015. Crim. ECF Nos. 40, 59. The United States responded in opposition. Crim. ECF No. 63. On April 5, 2016, a hearing was held before United States Magistrate Judge Noelle C. Collins on the suppression motion, and each side had an opportunity to present arguments and evidence. Crim. ECF No. 66. On May 16, 2016, Magistrate Judge Collins issued a report and recommendation (the "R&R") recommending Movant's motion be denied, which Movant's attorney filed objections to. Crim. ECF Nos. 75, 78. After *de novo* review, this Court issued an Order sustaining, adopting, and incorporating therein the R&R and set the case for trial. Crim. ECF Nos. 81, 82.

<u>Trial and Sentencing</u>

On March 6, 2017, Movant filed a Waiver of Right to Jury Trial. Crim. ECF No. 149. The Court held a hearing on Movant's waiver and made a record that Movant voluntarily waived his right to a jury trial. Crim. ECF No. 151. Following a bench trial, on March 10, 2017, Movant was convicted of all seven counts charged in the Indictment. Crim. ECF No. 160. On July 27,

---

[1] Filings in Movant's criminal case will be referenced hereinafter as "Crim. ECF No."

2017, the Court issued its Finding of Fact and Conclusions of Law. Crim. ECF No. 174. On February 15, 2018, Movant was sentenced to an aggregate term of 192 months, consisting of concurrent terms of 120 months imprisonment on Count One; 132 months imprisonment on Counts Two, Three, Four, and Six; and 60 months imprisonment on Count Five. Crim. ECF No. 190. Movant also was sentenced on Count Seven to a term of 60 months' imprisonment to run consecutively to all other sentences imposed. *Id*

On February 28, 2018, Movant timely filed a Notice of Appeal. Crim. ECF No. 193. On appeal, Movant alleged that this Court erred by: (1) admitting evidence seized after a warrantless protective sweep, (2) failing to permit Movant to represent himself at trial, (3) accepting Movant's waiver of his right to a jury trial, and (4) failing to grant a motion to dismiss his indictment for a *Brady* violation. *United States v. Williams,* 951 F.3d 892, 895 (8th Cir. Feb. 27, 2020). Finding no error, the Eighth Circuit affirmed Movant's conviction and sentence on appeal. *Id.* Thereafter, Movant filed the instant motion under 28 U.S.C. § 2255 alleging claims of ineffective assistance of counsel against his former attorneys. ECF No. 1.

**Claims for Relief**

Movant raises eleven grounds for post-conviction relief based on claims of ineffective assistance of counsel. It is important to note that on multiple occasions, Movant made the decision to change counsel. Movant had five different attorneys representing him from the initial proceedings through trial in his criminal case, and one attorney represent him on appeal. Movant alleges five claims against trial counsel, claiming counsel was ineffective for failing to file a Rule 29 Judgment of Acquittal (Ground One); failing to object to the Court's Findings of Fact and Conclusions of Law as to Counts Two, Three, Four and Five (Ground Five); erroneously advising him to testify at trial (Ground Six); lack of pre-trial consultation and trial strategy

3

(Ground Seven); and failing to challenge perjured Grand Jury and Evidentiary Hearing testimony of officers (Ground Ten). During pretrial motions, Movant claims that counsel was ineffective for failing to file certain pretrial motions (Grounds Eight, Nine and Eleven) and a motion to dismiss Counts One and Seven of the Indictment (Grounds Three and Four). Movant also alleges appellate counsel was ineffective for failing to raise an insufficiency of the evidence argument for his 924(c) conviction (Ground Two).

**Legal Standards**

<u>Relief Under 28 U.S.C. §2255</u>

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citation omitted). Furthermore, even constitutional or jurisdictional claims not raised on

direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

<u>Ineffective Assistance of Counsel</u>

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim[s]." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). Movant "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.

As the Eighth Circuit has instructed:

> "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love [v. United States]*, 949 F.3d [406], 410 [8th Cir. 2020] (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

> "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as [] guaranteed [] by the Sixth Amendment." *Id* (cleaned up). Review of counsel's performance by the court is highly deferential, and the Court "presumes counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective. *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir. 1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that Movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54, quoting *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

<u>Right to Evidentiary Hearing</u>

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is

6

entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in

original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when

the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d

343, 347 (8th Cir. 1996), quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986). The

Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face

or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d

at 1043, citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990).

Since the Court finds that Movant's claims can be conclusively determined based upon

the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Insufficiency of the Evidence Claims (Grounds One and Two)

Movant argues in Ground One that trial counsel was ineffective for failing to file a Rule

29 Judgment of Acquittal because there was insufficient evidence for his 924(c)[2] conviction,

charged in Count Seven of the Indictment. Movant also alleges appellate counsel was ineffective

for failing to raise an insufficiency of the evidence argument for his 924(c) conviction in Ground

Two.

*Ground One*

Movant cannot satisfy either prong of the *Strickland* test as to Ground One because the

record reflects that trial counsel, Attorney Sims, made a motion for acquittal at the close of the

United States' case.

THE COURT: And at the close of the Government's evidence, is there any motion
on behalf of [Movant], [Attorney] Sims?

---

[2] Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §
924(c)(1)(A).

[ATTORNEY] SIMS: Yes, your Honor. I make a motion for a verdict of not guilty as the Government has not made a submissible case.

THE COURT: And considering the evidence that has been presented, the Court is going to overrule [Movant's] motion for judgment of acquittal at the close of the Government's case. The Court believes that the direct and circumstantial evidence in this case does make a submissible case as to each of the seven counts in the indictment; therefore, the Court will overrule the motion for judgment of acquittal at the close of the Government's case.

*See* Trial Proceedings Transcript, Volume 3, Crim. ECF No. 200 at pp. 170-71.

A second motion for judgment of acquittal was also made after a rebuttal witness was called by the United States, in which trial counsel requested the Court for "an order to dismiss this case, or a judgment of acquittal, as the Government has not made a submissible case." *See* Trial Proceedings Transcript, Volume 4, Crim. ECF No. 201 at p. 48. The Court found that the Government "presented sufficient evidence on Counts 1 through 7 to submit the case for a final determination based on the direct and circumstantial evidence in this case. That the elements of each of those offenses, there is sufficient evidence to submit all seven counts to the Court for a final determination." *Id.* at 49.

Movant also challenges the sufficiency of the evidence for his 924(c) conviction based on the lack of evidence presented to prove the "in furtherance" element, but failed to raise this issue on direct appeal. As a general rule, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, Movant is procedurally barred from raising this claim for the first time in the present § 2255 motion. *Anderson*, 25 F.3d at 706 ("A Petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."). Furthermore, the Eighth Circuit has stated that the insufficiency of the evidence is not a cognizable claim under § 2255, and thus not a ground for relief under that section. *Houser v.*

*United States*, 508 F.2d 509, 514 (8th Cir. 1974) ("Questions as to the sufficiency of the evidence or involving errors either of law or fact must be raised by timely appeal from the sentence if the petitioner desires to raise them.").

Even if the Court were to put that procedural bar aside, Movant's challenge to the sufficiency of the evidence presented at trial is without merit because the Eighth Circuit has already ruled that the United States presented "more than 20 video clips showing him receiving, bagging, cutting, weighing, selling, and distributing narcotics, numerous clips with him possessing a firearm on different occasions, and footage of [Movant] using a firearm in connection with drug transactions," and "overwhelming proved [Movant's] guilt." *Williams*, 951 F.3d at 899. For these reasons, Ground One will be denied.

*Ground Two*

Movant's claim that appellate counsel was ineffective for failing to raise an insufficiency of the evidence argument for his 924(c) conviction also fails. To prevail, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005). Therefore, Movant must show that if his appellate counsel had appealed his 924(c) conviction on grounds of insufficient evidence, then the Eighth Circuit would not have rejected the appeal. Movant cannot make this showing. First, Movant has not alleged any facts showing that his attorney made an "unprofessional error" by failing to raise this issue on appeal. *Id.* Second, as explained above, the Eighth Circuit ruled that the United States presented evidence that overwhelmingly proved his guilt, including "footage of [Movant] using a firearm in connection with drug transactions." *Williams*, 951 F.3d at 899. Movant cannot show that the Eighth Circuit

would have ruled in his favor had his appellate counsel raised this issue. Accordingly, Movant's request for relief on Ground Two will be denied.

<u>Remaining Claims Against Trial Counsel (Grounds Five, Six, Seven and Ten)</u>

Movant alleges four additional ineffective assistance of counsel claims against trial counsel, claiming counsel was ineffective for failing to object to the Court's Findings of Fact and Conclusions of Law as to Counts Two, Three, Four and Five (Ground Five); erroneously advising him to testify at trial (Ground Six); lack of pre-trial consultation and trial strategy (Ground Seven); and failing to challenge perjured Grand Jury and Evidentiary Hearing testimony of officers (Ground Ten).

*Ground Five*

Movant argues that trial counsel was ineffective for failing to object to the Court's Findings of Fact and Conclusions of Law as to Counts Two, Three, Four and Five. It appears Movant also challenges that the "essential elements" considered by the Court were erroneous. Movant is allowed to bring the ineffective assistance claims here, but his challenge to the elements considered by the Court were not raised on direct appeal, and thus procedurally defaulted. Even if the Court would consider the merits, his claim still fails. After finding Movant guilty on all counts charged in the Indictment, the Court filed its Findings of Fact and Conclusions of Law. *See* Crim. ECF No. 174. As to the counts challenged by Movant, the Court determined that:

> Count 2 charges [Movant] with possession with intent to distribute in excess of 50 grams of methamphetamine, Count 3 charges him with possession with intent to distribute heroin; Count 4 charges him with possession with intent to distribute cocaine; and Count 5 charges him with possession with intent to distribute marijuana, all in violation of 21 U.S.C. § 841(a)(1).

> Each of these counts required the Government to prove that [Movant] (1) knowingly possessed the controlled substance charged and (2) intended to distribute such controlled

10

substance. *United States v. Ahumada*, 858 F.3d 1138, 1141 (8th Cir. 2017) (citing *United States v. Morales*, 813 F.3d 1058, 1065 (8th Cir. 2016)) (heroin); *United States v. Ramos*, 852 F.3d 747, 753 (8th Cir. 2017) (citing *United States v. Trejo*, 831 F.3d 1090, 1094 (8th Cir. 2016) (methamphetamine); *United States v. Howard*, 427 F.3d 554, 557 (8th Cir. 2005) (marijuana); *see United States v. Edwards*, 180 F. App'x 618, 619 (8th Cir. 2006) (unpublished per curiam opinion) (citing *United States v. Howard*, 427 F.3d 554, 557 (8th Cir. 2005)) (cocaine).

*Id*. at pp. 7-8.

The Court then outlined the evidence, with supporting caselaw, presented by the United States at trial that establishes beyond a reasonable doubt that on June 16, 2015, police officers found significant amounts of narcotics at Movant's residence, located at 4118 Shreve Avenue, including 108.53 grams of a mixture or substance containing methamphetamine. *Id.* at pp. 9-10. For instance, the Court found:

> At trial, [Movant] admitted that he resided at 4118 Shreve Ave. for several years up to and including June 16, 2015. *See [United States v.] McClellon*, 578 F.3d [846, 855 (8th Cir. 2009)] (the government submitted sufficient evidence of defendant's constructive possession of controlled substance where, inter alia, drugs were found in defendant's bedroom, and his wife testified he owned the house and had lived there for 25 years). During his testimony, [Movant] also admitted that the DVR video accurately portrayed "associates" delivering narcotics to him at 4118 Shreve Ave. as he contemporaneously supplied U.S. currency to the "associates," depicted him processing and repackaging those narcotics, and showed him later redistributing narcotics to other "associates," as they provided him U.S. currency. *See Turpin,* 920 F.2d at 1383 (fact-finder could infer defendant's intent to distribute from evidence that defendant had sold controlled substance on previous occasions). For these reasons and the reasons set forth more fully on the record, the Court concludes that the Government established beyond reasonable doubt that [Movant] knowingly possessed methamphetamine, heroin, cocaine, and marijuana; and that he did so with the intent to distribute it.

*Id.* at 10.

The Court further concluded the United States met its burden to prove beyond a reasonable doubt that Movant knowingly possessed in excess of 50 grams of methamphetamine, as required to convict Movant on Count Two. *Id.* at pp. 10-11. The Court found that the Government met this burden by producing laboratory test results that established beyond a

reasonable doubt that 108.53 grams of a substance or mixture containing methamphetamine were seized from Movant's residence on June 16, 2015. *Id.* at p. 11.

Movant cannot claim either deficient performance by trial counsel or prejudice, as the Court found all of the necessary elements to convict him of Counts Two, Three, Four, and Five in accordance with Eighth Circuit precedent and followed the Circuit's Model Jury Instructions. Movant points to no authority that shows otherwise. Thus, there was clearly no basis for trial counsel to object to the Court's Findings of Fact and Conclusions of Law as to the challenged counts. If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *See Carter,* 92 F.3d at 671. For these reasons, Movant is not entitled to relief on this claim, and Ground Five will be denied.

*Ground Six*

In Ground Six, Movant contends that trial counsel erroneously advised him to testify at trial, failing to explain the advantages and disadvantages to testifying. However, the record directly refutes this claim. For instance, the Court gave Movant time to talk to his attorney and decide if he wanted to testify or not:

> THE COURT: An issue at the conclusion of the Government's case, and beginning the defendant's case, is the issue of whether or not [Movant] chooses to testify or not testify; if it is agreeable, I'll make a record with regard to that now, is that agreeable?
>
> [ATTORNEY] SIMS: I think my client would like to have some time to think that over, your Honor. Could we do that first thing tomorrow morning?
>
> THE COURT: Why don't we do this, you can make the decision tomorrow morning, but I'd like to make sure that [Movant] understands that he has an absolute right to testify or not testify, as he chooses; and [Movant], you should talk about that more with [Attorney] Sims. Tomorrow morning, I'll ask you if you have made a decision with regard to that. If you choose not to testify, no inference can be drawn from your failure to testify. But it is your right. You have an absolute right to testify or not testify, as you choose. If you do testify, again, I think [Attorney] Sims will explain to you that the Government may have the right to impeach you with certain prior convictions that you may have, and I know that we have discussed those a little bit as it relates to the 404(b) evidence. Again, I

12

would urge you, talk to [Attorney] Sims, talk to anyone you want to. Tomorrow morning, I'll ask you if you made a decision with regard to that; but again, that's your right. You have to make that decision; do you understand that?

[MOVANT]: Somewhat. I'm going to talk with my attorney.

THE COURT: I'll give you an opportunity to do that. I just wanted to make sure that you understand that you have the right to testify, or not testify, as you choose. So talk further to [Attorney] Sims. . .

*See* Trial Proceedings Transcript, Volume 3, Crim. ECF No. 200 at pp. 171-72.

The next morning, the Court acknowledged Movant had time overnight to think about if he chose to testify or not and asked trial counsel if any witnesses were being called on Movant's behalf. *See* Trial Proceedings Transcript, Volume 4, Crim. ECF No. 201 at p. 3. Trial counsel proceeded with calling Movant, and the record reflects the following:

THE COURT: [Movant], if you will step up here to the Clerk. He will administer the oath. [Movant], you have taken the witness stand. Before we proceed, I just wanted to ask you again, at the end of the day yesterday, I had just gone over with you briefly the fact that you have the right to testify or not testify, as you choose, in this case. That is your right. It is an absolute right. If you had chosen not to testify in the case, no inference could be drawn from your refusal to testify. I understand that you wanted to think about it yesterday afternoon and talk further to [Attorney] Sims. I gather you have done that, and talked to [Attorney] Sims, and decided that you want to testify. Again, you have had an opportunity to fully discuss the advantages, potential disadvantages of doing that; is that correct?

[MOVANT]: Yes, sir, your Honor.

THE COURT: And you have decided that this is what you wanted to do; is that right?

[MOVANT]: Yes, sir, your Honor.

*Id.* at pp. 3-4.

The Court advised Movant of his right to testify, or not testify, and confirmed that Movant had an opportunity to "fully discuss" with trial counsel the advantages and disadvantages of testifying. Movant acknowledged on the record that it was his decision to

13

testify. Accordingly, Movant fails to establish deficient performance or prejudice as it relates to Ground Six.

*Ground Seven*

Movant next makes several arguments related to trial counsel's trial strategy and lack of pretrial and trial preparation. For instance, Movant alleges that trial counsel didn't spend enough time or money on experts preparing for trial and failed to discuss strategy preparation with him. Most of his claims are conclusory, and Movant does not articulate how trial counsel's performance was deficient, or how he was prejudiced by that performance in that there would have been a different outcome at trial. As an initial matter, the Court notes Movant cannot prevail on a claim of ineffective assistance of counsel based on the cumulative effect of his counsel's individual errors at trial. *Middleton v. Roper,* 455 F.3d 838, 851 (8th Cir. 2006) (movant cannot establish ineffective assistance by aggregating attorney's errors) (citations omitted). As discussed above, a court must give great deference attorney when reviewing matters of trial strategy. *Strickland*, 466 U.S. at 689. Further, a review of the record refutes these allegations. For instance, trial counsel filed a motion to dismiss the indictment and an amended motion to dismiss the indictment prior to trial and argued in support of those motions at the hearings held by the Court. Crim. ECF Nos. 123, 137. The Court denied those motions. Crim. ECF Nos. 132, 146. The Court explained to Movant that the issues had already been raised by previous counsel and denied the motions:

> THE COURT: [Movant], these are all issues that have been raised in your letters previously that were raised at the time of the motion to suppress. That were --
>
> [MOVANT]: Motion to suppress. What was raised at the motion to suppress?
>
> THE COURT: At the motion to suppress, the issues with regard to the search of the residence were raised. At the motion to dismiss the indictment and the amended motion --

14

[MOVANT]: The motion?

THE COURT: Just listen to me.

[MOVANT]: Okay, okay, go ahead.

THE COURT: And at the amended motion to dismiss the indictment, these issues were raised. They are preserved for appeal. You stated the issues that you had. It is consistent with the same things you have raised in your letters, which are part of the record in this case.

*See* Trial Proceedings Transcript, Volume 3, Crim. ECF No. 200 at p. 17.

Trial counsel filed these motions on behalf of Movant, even though previous counsel had already raised those issues unsuccessfully. Trial counsel further indicated that he had met with Movant and communicated with him about his choice of how to proceed in the case.

THE COURT: Okay. I do want to make sure that you go over with [Movant] the plea offer. Again, I understand that he has said he doesn't intend to plead, but I want to make sure he has been advised fully of that, and would just direct that you spend time with him, and make sure that you are ready to proceed to trial, all right. Again, anything further for the record, [Attorney] Sims?

[ATTORNEY] SIMS: Just a moment, your Honor.

(A discussion was held off the record.)

[ATTORNEY] SIMS: Your Honor, for the record, as the Government has said, they offered the same plea agreement that they had offered through one of his former attorneys. I expressed that to my client, and my client has turned it down.

THE COURT: Okay. Again, because I don't know what was communicated from the prior attorney, and because there is an e-mail that reflects exactly what the plea offer is, I'm going to direct you to go over that with [Movant]; and again, I understand that assuming it is the same offer, he has said no to it, and I understand that. And that's your position; is that correct, []?

[MOVANT]: Yes, sir. That's my position. I'm not accepting no plea, no.

*See* Pretrial Proceedings Transcript, Volume 2, Crim. ECF No. 199 at p. 125; *see also, id.* at 94-95.

15

Even though Movant also contends trial counsel did not spend money on an expert, the record reflects that trial counsel filed a motion requesting funds from the Court in order to pay for an expert, which was granted. *See* Crim. ECF Nos. 135, 136. The Court's ultimate determination to disqualify the expert's based on his lack of qualifications is not attributed to trial counsel's failure to request such funds. *See* Pretrial Proceedings Transcript, Volume 2, Crim. ECF No. 199 at pp. 109-11. Movant further appears to insinuate trial counsel's stipulation to certain evidence, like lab reports and authenticity of the Digital Video Recorder ("DVR") video, is ineffective. However, the record shows the United States laid the proper foundation for DVR video at trial, and all the officers who seized the actual narcotics and evidence testified at trial and were cross-examined. *See* Trial Proceedings Transcript, Volume 3, Crim. ECF No. 200 at pp. 50-75. Examining the record in its entirety, the Court finds Movant has not met either prong of the test for constitutionally ineffective assistance of trial counsel. See *Strickland*, 466 U.S. at 689 (An attorney's method of argumentation is a matter of trial strategy to which this Court must be highly deferential); *see also United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001) ("We generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel."). Accordingly, Movant's request for relief on this claim will be denied.

*Ground Ten*

Lastly, as it relates to trial counsel, Movant argues ineffective assistance of counsel for failing to challenge perjured Grand Jury and Evidentiary Hearing testimony of officers. Movant asserts, without proof, that there was no record of the Search Warrant executed on his residence on June 19, 2015, which resulted in the seizure of the DVR video. Movant further alleges that the Search Warrant's affiant, who was allegedly involved in an unrelated forgery crime, forged the

Search Warrant—again without proof. At trial, the Search Warrant was introduced as an exhibit, which was properly stamped and signed. *See* Trial Proceedings Transcript, Volume 3, Crim. ECF No. 200 at pp. 70. The return and inventory is also signed by the receiving clerk after the DVR was reviewed. *Id.* at p. 127. This claim is made of wholly conclusory allegations. Movant fails to identify what evidence his attorney failed to present. Without specifics, Movant cannot establish he is entitled to relief on the merits of his allegation, and this claim will be denied. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

<u>Failure to File Motion to Dismiss Counts One and Seven (Grounds Three and Four)</u>

Movant next claims that counsel was ineffective for failing to file a motion to dismiss on Counts One and Seven of the Indictment during the pretrial motions stage. Although several pretrial motions and motions to dismiss were filed by his attorneys, each one was unsuccessful. Movant alleges Counts One and Seven were defective, and counsel was ineffective for failing to raise the following arguments in the filed motions.

*Ground Three*

Movant argues that counsel was ineffective for not raising that the 924(c) charge (Count Seven) is defective in a motion to dismiss because it did not contain a factual description and serial number of the firearm, what the related drug trafficking crime was, and which subsection of 924(c) was violated.

Count Seven of the Indictment states as follows:

The Grand Jury further charges that:

On or about June 16, 2015, in the City of St. Louis, within the Eastern District of Missouri,

**KELVIN WILLIAMS**

the defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking

17

crime which may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1).

*See* Crim. ECF No. 15 at pp. 3-4.

The indictment must state essential facts constituting the offense charged, and sufficiently apprise the appellant of the nature of the charges against him as required. *See United States v. French*, 683 F.2d 1189, 1194 (8th Cir.), cert. denied, 459 U.S. 972 (1982). Counts Two, Three, Four, and Five of the Indictment charged Movant with drug trafficking crimes, in violation of 21 U.S.C. § 841(a)(1), all of which he was ultimately convicted of. *Id.* at pp. 1-3. The Eighth Circuit has concluded that an indictment is sufficient without the serial number of the firearm. *United States v. Thompson*, 365 F. App'x 42, 44 (8th Cir. 2010); *Cf. United States v. Clark,* 701 F.2d 68, 70 (8th Cir. 1983) (per curiam) (indictment that did not contain serial number of stolen vehicle was sufficient). Count Seven follows the wording of the statute and sufficiently informed Movant the offense with which he was charged. Thus, Movant cannot show deficient performance or prejudice. Ground Three will be denied.

*Ground Four*

Movant next argues that Count One, charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) is defective because it fails to state the statutory language "unlawfully." Count One reads as follows:

The Grand Jury charges that:

On or about June 16,2015, in the City o fSt. Louis, within the Eastern District of Missouri,

**KELVIN WILLIAMS,**

the defendant herein, having been convicted previously of one or more felony crimes punishable by a term of imprisonment exceeding one year under the laws of the State of Missouri

18

and of the United States of America, did knowingly possess a firearm, which traveled in interstate or foreign commerce during or prior to being in defendant's possession.

> In violation of Title 18, United States Code, Section 922(g)(1).

*See* Crim. ECF No. 15 at p. 1.

> The text of 18 U.S.C. § 922(g)(1) states:
>
> It shall be unlawful for any person –
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1)

18 U.S.C. § 924(a)(2), the statute that sets forth the penalties for violating § 922(g)(1), states as follows, "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

Movant points to no authority that requires an indictment for this charge to contain the word "unlawfully" nor does Movant show he was misled by the nature of the charges in the Indictment. Count One of the Indictment follows the wording of the statute. It fully, expressly and without ambiguity sets forth the elements necessary to constitute the offense and contains a statement of facts and circumstances sufficient to inform Movant of the offense with which he is charged. *Hamling v. United States*, 418 U.S. 87, 117-120 (1974). Movant cannot show deficient performance or prejudice as it relates to this argument.

Movant further challenges Count One pursuant to *Rehaif v. United States.* 588 U.S. 225 (2019). In *Rehaif*, the Supreme Court clarified the *mens rea* requirement for firearms-possession offenses under 18 U.S.C. § 922(g). *Id.* The Supreme Court held that, in order to be convicted

under 18 U.S.C. § 922(g), the United States "must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. In the case of Movant's felon in possession charge, this means the United States had to prove that he knew at the time he possessed the firearm that he "has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also, United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020). This "knowledge can be inferred from circumstantial evidence." *Rehaif,* 588 U.S. at 234 (quoting *Staples v. United States*, 511 U.S. 600, 615, n.11 (1994)).

A defendant may properly claim in a 2255 motion that, based on a court decision that resulted in a change in the law after affirmance of his conviction, his "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). Because *Rehaif* narrows the "class of persons that the law punishes" under Sections 922(g) and 924(a), it is retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1267 (2016). As a general rule, however, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro*, 538 U.S. at 504. Here, Movant never raised a knowledge-of-prohibited-status objection in his criminal case and did not raise it on direct appeal. Movant does not suggest that he was actually unaware of his status as a convicted felon at the time he possessed the firearm, nor could he credibly do so. For instance, Movant admitted in his testimony, under oath, during cross examination at his trial that he was convicted of several felony convictions. *See* Trial Transcript Proceedings, Volume 4, Crim. ECF No. 201 at pp. 24-26. One of Movant's prior felony convictions was also read into the record by the Assistant United States Attorney ("AUSA") and admitted without objection:

> [AUSA]: Your Honor, before we resume the actual testimony, as far as regards to proving Count 1 of the case, the felon in possession of a firearm, it was the Court's ruling that the

prior for heroin would come in as 404(b); however, at this point, I just wanted to read into the record what we will mark as Exhibit 41 to prove the prior felony.

THE COURT: And again, this is Exhibit 41, which is the certified copy of the 2005 conviction; is that correct?

[AUSA]: Yes, your Honor, that's correct.

THE COURT: You may proceed.

[AUSA]: It says that "In Count No. 1, the charge was possession of controlled substance for heroin. The offense date was February 28, 2002, for a felony, and on April 21, 2005, in the above count, it is adjudged that the defendant has been found guilty upon a plea of guilty".

THE COURT: Again, any objection to Exhibit 41, counsel?
[ATTORNEY] SIMS: No objection, your Honor.

*See* Trial Transcript Proceedings, Volume 3, Crim. ECF No. 200 at p. 88.

The uncontested criminal history section of his Final Presentence Report ("PSR") lists that Movant has been convicted of at least six felony drug-related offenses and one felony forgery in state court, all of which he served time in jail or prison for. *See* PSR, Crim. ECF No. 165 at pp. 8-18. The PSR also reflects that in this district, Movant was convicted of a federal possession with intent to district heroin offense and was sentenced to 72 months imprisonment. *Id.* at p. 15. In light of these facts, there is no "plausible argument" that Movant, after previously pleading guilty to several felonies and serving prison sentences longer than one year for such offenses, was unaware of his status as a person convicted of an offense punishable by more than a year imprisonment. *See Clay v. United States,* 833 F. App'x 663, 663–64 (8th Cir. 2021) (per curiam) (holding that "the record forecloses any plausible argument that [Movant] did not know he was a felon" because he spent "more than a year in prison on at least five separate occasions, [and] his criminal history would have undoubtedly provided sufficient evidence to prove [he] knew his status as felon at the

time he committed this federal offense"). As a result, Movant's *Rehaif* claim is subject to procedural default.

Movant also has made no showing of cause and actual prejudice needed to excuse the procedural default, nor has he alleged actual innocence. *Williams v. United States,* 2022 WL 4299835, at *8-9 (E.D. Mo. Sept. 19, 2022) (citing *Bousley,* 523 U.S. at 622). Moreover, any claim of actual innocence by Movant would fail as the notion that he was somehow unaware of his status as a convicted felon is implausible, as discussed above. Movant also cannot show prejudice since he admitted in his testimony that he had been previously convicted of a felony crime. As the Supreme Court observed, "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020)). The Eighth Circuit further observed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights." *Caudle*, 986 F.3d at 922 (citation omitted); *see also, United States v. Welch,* 951 F.3d 901, 907 (8th Cir. 2020) (finding, after *Rehaif*, it was not reasonably probable for Movant to show his substantial rights were affected because he had several felony convictions in which he previously received and served prison sentences longer than one year); and, *United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019) (concluding Movant knew he was a convicted felon at the time he unlawfully possessed a firearm not only because he stipulated at trial that he had previously been convicted of a crime, but also because he previously served four years in prison for a drug offense, in addition to a subsequent 15-month sentence after his supervised release was revoked). The Court finds Movant cannot establish either cause and prejudice to

excuse his procedural default or actual innocence. Even if Movant's claim was not procedurally defaulted, it would fail on the merits. As discussed above, the record in the criminal case clearly establishes that Movant knew he been previously convicted of one or more crimes punishable by more than a year's imprisonment.

    Pretrial Motions (Grounds Eight, Nine and Eleven)

    During pretrial motions, Movant claims that counsel was ineffective for failing to file certain pretrial motions (Grounds Eight, Nine and Eleven). As mentioned *supra*, Movant had several attorneys represent him throughout the proceedings in his criminal case. Here, Movant takes issue with Attorney Morris and Attorney Hufty. Movant claims in Ground Eight that Attorney Morris failed to file pretrial motions seeking suppression of the DVR video seized during a warrantless search of his residence. In Ground Eleven, Movant argues that Attorney Morris failed to file pretrial motions regarding search warrant violations, obstruction of process, doctrine of comity, and states source of power. Movant lastly argues that Attorney Hufty failed to properly investigate, present, and argue the motion to suppress (Ground Nine). Because the admissibility of the evidence of Movant attacks has already been raised and decided on direct appeal, Movant is procedurally barred from raising this issue again in the present motion under § 2255. *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (in reviewing a § 2255 motion, court will not consider claims raised and decided on direct appeal) (citing *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.")). Furthermore, the Eighth Circuit has stated that "claimed errors in evidentiary rulings ... do not state a claim for relief under 2255." *Houser*, 508 F.2d at 515–16. As labeled, however, Movant's claims are that

his pretrial attorneys amounted to the ineffective assistance of counsel. The record does not support these claims as explained in further detail below.

*Grounds Eight and Nine*

After Attorney Morris entered his appearance on behalf of Movant, Attorney Hufty requested to withdraw his appearance, which was granted by this Court. Crim ECF Nos. 48, 51, 52. Attorney Morris then moved to withdraw the previously filed motion to suppress by Attorney Hufty and later filed another motion to suppress physical evidence, alleged that law enforcement officers violated his Fourth Amendment rights by seizing, among other things, controlled substances, drug paraphernalia, firearms, and a DVR from his residence. Crim ECF Nos. 59, 60. Movant also sought to suppress evidence seized from the DVR and safe deposit box pursuant to search warrants. *Id.* Magistrate Judge Collins presided over the pretrial motions hearings. On May 16, 2016, Judge Collins issued the R&R, recommending Movant's motion be denied. Crim ECF No. 75. Judge Collins held that the officers "acted within the bounds of the plain view doctrine" when they seized, among other things, the firearms, drugs, DVR recordings and documents from the residence "given their apparent and immediate incriminating nature." *Id.* at pp. 15, 18. With respect to the DVR, Judge Collins found that it was "subject to immediate lawful seizure because [it] may have contained evidence of the burglary, the drug-related criminal activity and, alternatively, provided a means to identify and contact the home's occupant." *Id.* at p. 18. Judge Collins further held "the incriminating nature of it and the evidentiary value of the DVR was immediately apparent, and it was vulnerable to loss if it remained in defendant's house unattended." *Id.* at p. 20. Finally, Judge Collins rejected Movant's argument that the search warrants for his DVR and safe deposit box should be excluded as "fruit of the poisonous tree." *Id.* at p. 20. On May 30, 2016, Attorney Morris filed objections to the

24

R&R. Crim. ECF No. 78. On June 6, 2016, this Court issued an order sustaining, adopting, and incorporating therein the R&R. Crim. ECF No. 81.

Any claims of ineffective assistance regarding the failure of Attorney Hufty or Attorney Morris to file pretrial motions generally fails, as the record shows both attorneys filed pretrial motions. The claim against Attorney Hufty that he did not effectively argue the motion to suppress also fails because he was no longer entered to represent Movant at the pretrial hearings. Thus, Grounds Eight and Nine will be denied.

*Ground Eleven*

In the last claim, Movant contends that Attorney Morris was ineffective because he failed to file pretrial motions regarding search warrant violations, obstruction of process, doctrine of comity, and states source of power. To prevail, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Pfau*, 409 F.3d at 939. As discussed above, Attorney Morris did file pretrial motions related to search warrant violations, so that argument is unavailing. This is further supported by the Eighth Circuit's ruling in Movant's direct appeal disagreeing that there were search warrant violations, finding "that the evidence was properly seized under the plain view doctrine" and affirming the denial of the motion to suppress. *Williams,* 951 F.3d at 897. Movant's additional arguments regarding the failure to challenge obstruction of process, doctrine of comity, and states source of power are completely undeveloped, conclusory and "lack[] sufficient specificity under even the most liberal pleading requirements" because he fails to explain in even cursory fashion how counsel was deficient. *See Hayes v. United States*, No. 4:10CV1422 CDP, 2011 WL 4635621, at *4 (E.D. Mo. Oct. 5, 2011) (quotation omitted). As a general rule, courts should construe *pro se* pleadings and § 2255 motions liberally. *See Saunders*

*v. United States*, 236 F.3d 950, 953 (8th Cir. 2001). However, if a § 2255 motion "lacks sufficient specificity under even the most liberal pleading requirements," Movant is entitled to no relief. *See id.* (internal quotation marks and citation omitted). This is so because without such specificity—including details about why these arguments should have been raised—a court cannot determine whether counsel's performance was deficient under the Sixth Amendment, or whether counsel's deficient performance prejudiced the defense. *See id.* at 952–53. Movant has not alleged any facts showing either that this representation was deficient, or that the conduct prejudiced his defense. *Strickland*, 466 U.S. at 687. Therefore, Movant cannot prevail on this claim, and Ground Eleven will be denied.

## Conclusion

Based upon the foregoing analysis, none of Movant's claims entitle him to relief. Movant's motion will be denied in its entirety.

## Certificate of Appealability

A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard). Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Kelvin Williams's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 23rd day of September, 2024.


**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**